**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-279  JRT/AJB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CRESCENCIO LEON BARRAZA, | |
| Defendant. | |

Tracy Perzel, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

William Orth, Esq., for the defendant, Crescencio Leon Barraza.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 29, 2008, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The Court issued an Order on Motions dated September 3, 2008, reserving defendant Crescencio Leon Barraza's motion to suppress search and seizure evidence and motion to suppress statements for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with exhibits and testimony presented at hearing, the magistrate judge makes the following:

**Findings**

**Search Warrant.**  On September 4, 2007, United States Magistrate Judge Franklin L. Noel issued a warrant to search a particularly described apartment residence in St. Paul, Minnesota. (Hearing Exh. No. 1).  The location is further identified in the supporting affidavit as the residence of Crescencio Leon Barraza.  The search warrant identified the objects

of the warrant as documents relating to the sale of controlled substances, records and papers relating to the transportation or distribution of controlled substances, address and telephone books, financial records and false identifications, travel documents and receipts, safe deposit box agreements and keys, money and valuables, photos, communications devices, and items indicating constructive possession of items to be seized.  The warrant was issued on the basis of probable cause contained in the Affidavit of DEA Special Agent Lora L. Zimmer, including confidential informant evidence, undercover officer reports, and surveillance information.  The affidavit states that evidence directly relating to drugs that was submitted in support of probable cause was obtained in January and February 2007, approximately six months prior to the warrant application and issuance, and corroborating evidence indicating defendant's involvement in drug sales was obtained in July 2007.  In addition, the affidavit cites cooperating defendant evidence indicating that the defendant Barraza had repeatedly sold drugs between early 2003 and July 2005.  The search warrant was executed on September 6, 2007, and evidence was seized pursuant to the warrant.

**Statements.**  On September 6, 2007, at 10:00 a.m., 12 law enforcement officers, including Minnesota BCA Special Agent Jacob May, participated in the execution of a warrant to search the apartment residence of defendant Crescencio Leon Barraza.  The officers were also seeking to execute a warrant to arrest defendant Barraza.  The search location was on the second floor of a two-story secured apartment building.  The officers announced their presence at the building entry door, but were required to make a forced entry into the building because there was no response to their announcement.  At the door of the defendant's second floor unit the officers again knocked and announced their presence, at which time Mr. Barraza answered.  When the

defendant opened the door, Special Agent May pushed him back from the entrance to allow officers to enter and secure the premises. Defendant resisted and was pushed back to the bathroom where he fell to the floor.

Once the apartment was secured, Special Agent May helped Mr. Barraza to his feet and escorted him to the kitchen table and explained the reason for the search. During the entry the defendant had suffered scrapes on his arms, and Officer May placed bandages on the scrapes. Barraza did not complain of injuries or other medical problems or impairments. Special Agent May detected the smell of alcohol on the defendant, who stated that he had had a couple of beers, but was not drunk. Agent May administered a horizontal gaze nystagmus test which indicated that Barraza had been drinking, but was not necessarily alcohol impaired. Defendant's speech was not slurred, his eyes were normal in appearance, and he did not have difficulty walking unassisted.

Special Agent May decided to move the defendant to a Dodge Durango police vehicle to conduct an interview because of the privacy afforded by the vehicle. May occupied the driver's seat and defendant Barraza sat in the front passenger seat. The agent estimated defendant to be in his early 60's in age, and determined that he was not impaired in regards to understanding his rights and participating in an interview. The defendant was not handcuffed. Agent May speaks English and Spanish. Upon May's inquiry, the defendant stated that it was his preference that he be advised of his rights in Spanish. The agent thereafter read the Miranda advisory to Barraza in Spanish from a pre-printed card (Hearing Exh. No. 2). Defendant acknowledged his understanding of each of the separate rights under Miranda. Prior to commencement of questioning the defendant asked whether he would be allowed to stay at home

if he agreed to the interview, and was advised that he was going into federal custody and would not be permitted to remain at this residence in exchange for making statements. Barraza then agreed to continue the interview. Questioning proceeded with defendant alternatively responding in Spanish and English, and Special Agent May mirroring the defendant's choice of language. Defendant asked some questions, and he provided appropriate responses to requests for biographical information. He appeared to understand the nature of questions put to him, though May did not believe that the defendant was being fully truthful.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

## Conclusions

**Search Warrant.** Evidence seized pursuant to a warrant to search the particularly described apartment residence in St. Paul, Minnesota (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Crescencio Leon Barraza. The residence search warrant was issued on September 4, 2007, and was based upon sufficient probable cause as stated in the Affidavit of DEA Special Agent Lora L. Zimmer, and as determined by United States Magistrate Judge Franklin L. Noel. The warrant properly and sufficiently identified the location of the search and the items to be seized. Evidence of the defendant's drug sales activities, and the likelihood that such evidence would be found at his residence, was not stale in light of evidence of his sustained involvement in such activities, dating back to early 2003 and July 2005, along with corroboration of continued involvement with drugs in July 2007. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

In any event, the warrant issued on September 4, 2007, to search defendant's

residence was executed by officers having a objective good faith reliance on the validity of the warrant, and the search was lawful on that account.  <u>United States v. Leon</u>, 468 U.S. 897, 922-23 (1984).  There is no evidence that the issuing judge was intentionally or recklessly misled by false information in an affidavit; there is no suggestion that the judicial role was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient.  <u>United States v. Hessman</u>, 369 F.3d 1016, 1020 (2004)(citing <u>Leon</u>, 468 U.S. at 923).

  The search warrant in this matter was lawfully issued and executed and suppression of evidence seized pursuant to the warrant is not required.  Alternatively, the warrant was executed in good faith reliance on its lawful issuance and execution and again, suppression is not required.

  **Statements.**  Defendant Crescencio Leon Barraza's custodial statements to Minnesota BCA Special Agent Jacob May provided in an interview subsequent defendant's arrest pursuant to warrant, were provided voluntarily and were not obtained in violation of defendant's constitutional rights.  Defendant was properly advised and was able to understand and comprehend his rights pursuant to <u>Miranda</u> as accurately presented to him in Spanish from a written statement of rights card.  He was not subjected to force, threats, or promises in exchange for his statements and he effectively waived his right to remain silent and his right to the assistance of counsel.  Upon considering the totality of circumstances, the Court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.  Moreover, the court expressly concludes that the defendant was not impaired by alcohol or physical trauma

so as to render his waiver of rights ineffective. United States v. Contreras, 372 F.3d 974, 977-78 (8th Cir. 2004), United States v. Harper, 466 F.3d 634, 643-44 (8th Cir. 2006)(citations omitted). Suppression of defendant's interview statements is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Crescencio Leon Barraza's Motion to Suppress be **denied** [Docket No. 20]; and

2. Defendant Crescencio Leon Barraza's Motion to Suppress Statements be **denied** [Docket No. 49].


Dated:     September 9, 2008

  s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 24, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.